# IN THE COURT OF APPEALS OF IOWA

No. 21-1187
Filed October 19, 2022

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JOSHUA JOHN DEUTSCH,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Brook Jacobsen, District Associate Judge.

A defendant appeals his guilty plea. **APPEAL DISMISSED.**

Christopher A. Clausen of Clausen Law Office, Ames, for appellant.

Thomas J. Miller, Attorney General, and Kyle Hanson, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Greer and Schumacher, JJ.

**SCHUMACHER, Judge.**

Joshua Deutsch appeals his convictions for possession of methamphetamine, first offense, and harassment in the first degree. He contends his guilty plea was defective on its face, that he did not enter into the plea knowingly and voluntarily, and that the plea bargain's recommended sentence and the sentence the court imposed is not what he agreed to as part of the plea. We find that Deutsch lacks good cause to challenge his guilty plea and the resulting sentence. Appeal dismissed.

## I.  Background Facts & Proceedings

Deutsch was charged with possession of methamphetamine in February 2021. He was separately charged with first-degree harassment in June 2021. He filed two written guilty pleas on July 22, 2021, in which he waived his right to be present at sentencing and waived his right to delay sentencing. The pleas included joint recommendations for sentencing. For the harassment charge, the plea recommended a two-year prison sentence, to be suspended, with credit for forty-five days served. This sentence was to run concurrently to a one-year suspended sentence for the possession of methamphetamine charge. The plea agreement also recommended a suspended fine. Finally, both pleas recommended probation. The court adopted the plea agreement and imposed the recommended sentence on July 26.

While still represented by trial counsel, Deutsch filed a pro se notice of appeal on August 25. The pro se document alleged that Deutsch never agreed to the plea deal and that he signed the waiver of rights while under duress. He asserted that he had agreed to a sentence of time-served. Our supreme court, on

its own motion, directed both parties to address in their appellate briefs whether the court had jurisdiction over this appeal in light of Iowa Code section 814.6A(1) (2021), which generally prohibits the filing of pro se documents while an appellant is represented by trial counsel. The jurisdictional issue was transferred to our court for resolution along with the underlying appeal.

## II.    Standard of Review

The parties disagree on the applicable standard of review. The State contends it is for errors at law, while Deutsch contends that because the sentence was imposed due to ineffective assistance of counsel, our review is de novo. Our supreme court has consistently held:

> Our review of a sentence imposed in a criminal case is for correction of errors at law. We will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing procedure. . . . Questions of jurisdiction are also reviewed for correction of errors at law.

*State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002) (internal citations omitted). Furthermore, "[a]n ineffective assistance of counsel claim in a criminal case shall be determined by filing an application for postconviction relief pursuant to chapter 822 . . . and the claim shall not be decided on direct appeal." Iowa Code § 814.7. Thus, to the extent Deutsch alleges ineffective assistance of counsel, we cannot and do not consider it.

## III.    Appellate Jurisdiction

As an initial matter, we must determine whether we have jurisdiction to hear this appeal. "An appeal from a final judgment of sentence is initiated by 'filing a notice of appeal with the clerk of the district court where the order or judgment was entered.'" *State v. Davis*, 969 N.W.2d 783, 785 (Iowa 2022) (quoting Iowa R. App.

P. 6.102(2)). "This rule is 'mandatory and jurisdictional,'" meaning "[i]f a party does not timely file a notice of appeal, the court has no jurisdiction over the appeal and the matter must be dismissed." *Davis*, 969 N.W.2d at 786 (citation omitted).

Deutsch filed a pro se notice of appeal on August 25. Iowa Code section 814.6A(1) directs, "A defendant who is currently represented by counsel shall not file any pro se document, including a brief, reply brief, or motion, in any Iowa court. The court shall not consider . . . such pro se filings." Our supreme court has held that a defendant may be granted a delayed appeal following a pro se notice when they (1) have "expressed a good faith intent to appeal before the appeal deadline" and (2) their failure to timely perfect the appeal was "due to state action or circumstances beyond their control." *Id.* at 787. Section 814.6A constitutes state action because it imposes a statutory bar on pursuing a pro se appeal for those represented by trial counsel. *Id.* Deutsch timely filed a document entitled "Motion: For a Notice of Appeal." Such meets the requirement for a good faith effort to appeal. *See id.* (finding that the defendant's pro se notice of appeal expressed their good faith intent to appeal).

The State contends this case is distinguishable from *Davis* and its progeny because those cases included untimely notice of appeals filed by counsel after the pro se notices. To be sure, such a notice is lacking in this case. However, we do not believe that *Davis* requires a subsequent notice of appeal for us to grant a delayed appeal.[1] The court in that case granted a delayed appeal because

---

[1] We also note our supreme court recently dealt with a factually similar case. In *State v. Crawford*, the defendant timely filed a pro se notice of appeal while represented by trial counsel. 972 N.W.2d 189, 193 (Iowa 2022). However, neither trial nor appellate counsel subsequently filed a notice of appeal. *Id.* at 193.

counsel's failure to timely appeal was outside of Davis's control. *Id.* at 788. Counsel's failure to file a notice of appeal following Deutsch's pro se notice is similarly outside of Deutsch's control. *See State v. Jackson-Douglass*, 970 N.W.2d 252, 255 (Iowa 2022) ("[P]lea counsel's failure to file a notice of appeal after the defendant unequivocally expressed an intent to do so is a circumstance outside the defendant's control and serves as grounds for allowing delayed appeal."). And we note, "allowing delayed appeal 'has never been considered a discretionary action.'" *Davis*, 969 N.W.2d at 787 (citation omitted). We determine we have jurisdiction to hear Deutsch's appeal.

## IV. Good Cause

The State contends Deutsch does not have good cause to appeal for his claims related to the validity of the plea bargain. A defendant bears the burden of establishing good cause to appeal from a guilty plea. *See* Iowa Code § 814.6(1)(a)(3); *State v. Damme*, 944 N.W.2d 98, 104 (Iowa 2020). Good cause, "[b]y definition, [is] a legally sufficient reason . . . that would allow a court to provide some relief." *State v. Treptow*, 960 N.W.2d 98, 109 (Iowa 2021). Where, as here, a defendant fails to move in arrest of judgment to challenge their plea, we are precluded from granting relief. *Id.*; *see also* Iowa R. Crim P. 2.24(3)(a) ("A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal."). And while our courts have recognized an exception to this rule when

---

Despite that, the court granted the defendant a delayed appeal after following the framework set out in *Davis*. *Id.* at 194. Thus, *Crawford* indicates that a subsequent notice of appeal is unnecessary to grant this court jurisdiction. *See id.*

a district court fails to advise the defendant on the necessity of filing such a motion, that is not the case here. *See State v. Tucker*, 959 N.W.2d 140, 153 (Iowa 2021). Indeed, Deutsch's written plea deal included the following information:

> 24. I understand that if I wish to challenge this plea of guilty, I must do so by filing a Motion in Arrest of Judgment at least five (5) days prior to the [c]ourt imposing sentence, but no more than 45 days from today's date. I understand that by asking the [c]ourt to impose sentence immediately that I waive my right to challenge the plea of guilty which I have hereby entered.
> 25. . . . I understand that if I am sentenced immediately, I lose my right to challenge any defect in this plea or plea proceeding by motion in arrest of judgment and appeal to a higher court.

Deutsch was adequately advised of consequences of failing to file a motion in arrest of judgment and waived his right to file such a motion. His failure to file the motion precludes appellate relief, meaning he lacks good cause to appeal the validity of his guilty plea.[2]

Deutsch similarly lacks good cause to appeal his sentence. Our supreme court found that a defendant has good cause to appeal a sentence "that was neither mandatory nor agreed to in the plea bargain." *Damme*, 944 N.W.2d at 100. Deutsch's conclusory claims notwithstanding, nothing suggests the terms of the plea bargain were not agreed to.[3] In fact, Deutsch initialed next to the agreed-to

---

[2] The State also contends Deutsch failed to preserve error on his claims related to the validity of the plea agreement. A failure to file a motion in arrest of judgment has been treated as both a failure to preserve error and a failure to present good cause. *State v. Schulte*, No. 20-1092, 2021 WL 4889069, at *1 n.1 (Iowa Ct. App. Oct. 20, 2021). Because our supreme court recently addressed the issue under the framework of good cause to appeal, we do the same. *See Treptow*, 960 N.W.2d at 109. However, the analysis is the same and, as a result, Deutsch has failed to preserve error for these claims.

[3] Deutsch points out that the ink used for the portion of the plea agreement delineating the suggested sentence is lighter than that used for most of the document. While true, Deutsch bears the burden of establishing good cause. *See*

sentence.  Deutsch makes no claim that his sentence was illegal.  And the court sentenced him to the exact terms requested in the plea deal.  Deutsch lacks good cause to appeal his sentence.

Because Deutsch lacks good cause to appeal the validity of the plea deal and his sentence, we dismiss his appeal.

**APPEAL DISMISSED.**

---

*Damme*, 944 N.W.2d at 104.  The faded ink is insufficient to demonstrate the plea was not what he agreed to.